UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-02726-SVW-PD | Date | August 15, 2024 |
| Title | *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT [28, 29]

## I. Introduction

Two motions are presently before the Court. The first is a motion to remand this action to State court filed by Plaintiffs Brooke O'Donnell, Shantriece Mitchell, Qunae Wilkerson, Claudia Retana, and Maria Monterroso ("Plaintiffs"). The second is a motion to dismiss filed by Defendant Crocs Retail, LLC ("Defendant" or "Crocs"). For the following reasons, Plaintiffs' motion to remand is GRANTED and Defendant's motion to dismiss is DENIED AS MOOT.

## II. Factual and Procedural Background

### A. Procedural History

Plaintiffs filed this class action lawsuit against Defendant on February 28, 2024, in state court. Notice of Removal, Ex. 1 (Compl.), ECF No. 1-1. Defendant removed this case to federal court on April 4, 2024. Plaintiffs amended their complaint on May 31, 2024. First Am. Compl. ("FAC"), ECF No. 16. On July 1, Plaintiffs filed a motion to remand this case to state court. That same day, Defendant moved to dismiss this case.

Initials of Preparer   PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02726-SVW-PD | Date | August 15, 2024 |
|---|---|---|---|
| Title | *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.* | | |

### B. Facts Alleged

Crocs "is an American footwear company based in Broomfield, Colorado, that manufactures and markets the Crocs brand of foam footwear in retail outlets and on its website, crocs.com." *Id.* ¶ 23. "By 2017, Crocs had sold more than 300 million shoes." *Id.*

Plaintiffs are all citizens of the State of California and residents of Los Angeles, who each claim to have "accessed, used, and completed transactions" on Defendant's platforms. *Id.* ¶¶ 13–22. Plaintiffs allege that use of Defendant's platforms is governed by terms of service (the "Terms") which "broadly and unambiguously prohibit users of all the Platforms from mentioning Crocs 'without [Crocs'] prior written permission.'" FAC ¶ 33. Plaintiffs allege that these Terms violate California's "Yelp Law," Cal. Civ. Code § 1670.8.

Cal. Civ. Code § 1670.8 contains two key subsections. First, "[a] contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the consumer's right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services." § 1670.8(a)(1). Second, "[i]t shall be unlawful to threaten or to seek to enforce a provision made unlawful under this section, or to otherwise penalize a consumer for making any statement protected under this section." § 1670.8(a)(2).

Plaintiffs object to various provisions included in Defendant's Terms. The Court will quote the objected-to sections at length. The first objected-to provision is contained in a section of the Terms entitled 'Ownership.'

> Unless otherwise indicated, this Website and all of its Content are protected under applicable copyrights, trademarks and other proprietary (including, but not limited to, intellectual property) laws, including without limitation those of the United States, and all Content and intellectual property rights therein are the property of Crocs or the material is included with the permission of

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02726-SVW-PD | Date | August 15, 2024 |
|---|---|---|---|
| Title | *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.* | | |

the rights owner and is protected pursuant to applicable copyright and trademark laws. ALL RIGHTS RESERVED.

The posting of any Content on this Website does not constitute a waiver of any right in such Content. You do not acquire ownership rights to any Content viewed through this Website. Except as otherwise provided herein, **none of this Content may be used, copied, reproduced, distributed, republished, downloaded, modified, displayed, posted or transmitted in any form or by any means, including, but not limited to, electronic, mechanical, photocopying, recording, or otherwise, without our express prior written permission.**

Permission is hereby granted to the extent necessary to lawfully access and use this Website and its Content to display, download, archive and print in hard copy, portions of this Website on a temporary basis and for your individual use only, provided you do not modify the materials and that you retain any and all copyright and other proprietary notices contained in the materials.

Woodman Decl., Ex. A (Crocs.com Terms of Use) at § 6, ECF No. 29-1 (emphasis added). Plaintiffs likewise object to a provision contained in a section of the Terms entitled 'Trademarks.'

The Crocs logo, all product names, all page headers, all custom graphics, all button icons, all trademarks, service marks and logos appearing on this Website, unless otherwise noted, are service marks, trademarks (whether registered or not) and/or trade dress of Crocs (the "Marks"). All other trademarks, product names, company names, logos, service marks and/or trade dress mentioned, displayed, cited or otherwise indicated on the Website are the property of their respective owners. **You are not authorized to display or use the Marks in any manner without our prior written permission. You are not authorized to display or use trademarks, product names, company names, logos, service marks and/or trade dress of other owners without the prior written permission of such owners.** The use or misuse of the Marks or other trademarks, product names, company names, logos, service marks and/or trade dress or any other materials contained herein, except as permitted herein, is expressly prohibited.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02726-SVW-PD | Date | August 15, 2024 |
|---|---|---|---|
| Title | *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.* | | |

*Id.* at § 7 (emphasis added). According to Plaintiffs, "such limitations are especially prohibitive and chilling on consumers' right to free speech. This chilling activity is the precise conduct prohibited by Section 1670.8." FAC ¶ 34.

### III.  Legal Standard

#### A.  Motion to Remand

Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only where authorized by the Constitution and Congress. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Unless otherwise limited, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Through CAFA, Congress broadened federal diversity jurisdiction over class actions . . . ." *Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 882 (9th Cir. 2013)

"As a threshold matter, [federal jurisdiction under] CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief.'" *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020 (9th Cir.2007) (quoting 28 U.S.C. § 1332(d)(5); additionally citing § 1332(d)(1)(B) for the definition of a 'class action'). If these prerequisites are met, CAFA vests federal courts with original diversity jurisdiction over a class action "if: (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant." *Id.* at 1020–21 (citing 28 U.S.C. § 1332(d)(2)). "[U]nder CAFA, complete diversity is not required; 'minimal diversity' suffices." *Id.* at 1021.

"The rule that a removed case in which the plaintiff lacks Article III standing must be remanded

| | : | |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02726-SVW-PD | Date | August 15, 2024 |
|---|---|---|---|
| Title | *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.* | | |

to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (citing 28 U.S.C. § 1453(c)(1)).

**IV.  Discussion**

    **A.  Plaintiffs Lack Article III Standing**

"The question of whether a party has standing to sue under Article III is a threshold issue that must be addressed before turning to the merits of a case." *Shulman v. Kaplan*, 58 F.4th 404, 407 (9th Cir. 2023) (citing *Horne v. Flores*, 557 U.S. 433, 445 (2009)). "When assessing a party's standing at the pleading stage, we accept all facts alleged in the complaint as true." *Id.* at 408 (citing *Vaughn v. Bay Env't Mgmt. Inc.*, 567 F.3d 1021, 1024 (9th Cir. 2009)).

Standing requires three elements: an "injury in fact," a causal connection between the injury and the defendant's conduct, and the "likelihood that the requested relief will redress the alleged injury." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). Only the injury-in-fact requirement is at issue here; Plaintiffs argue that their own complaint does not allege an injury in fact sufficient to convey Article III standing.[1] Pls.' Mot. to Remand 4–5, ECF No. 28. For that reason, Plaintiffs argue that this Court must remand their case to state court.

An injury in fact must be concrete and particularized, . . . actual or imminent, [and] not conjectural or hypothetical." *Steel Co.*, 523 U.S. at 102. To be concrete and particularized, the injury must be real and must affect the plaintiff in a personal way. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339–40 (2016). A plaintiff does not automatically satisfy the injury-in-fact requirement "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 341. "Article III

---

[1] Plaintiffs claim that its allegations are "sufficient to bring a Section 1670.8 claim in California state court," but "not sufficient for Article III standing." Pls.' Mot. to Remand 5, ECF No. 28.

| | | : | |
|---|---|---|---|
| | Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02726-SVW-PD | Date | August 15, 2024 |
|---|---|---|---|
| Title | *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.* | | |

standing requires a concrete injury even in the context of a statutory violation." *Id.*

### 1. Plaintiffs Do Not Have Standing Even Under the Relaxed Standing Requirements for Speech-Related Challenges

While this case arises under California law, "both history and legislative actions support the view that Cal. Civ. Code § 1670.8 concerns a free speech right that is analogous to, or has a 'close relationship' with, rights traditionally protected under the First Amendment and the corresponding provisions in the California Constitution." *Sweeney v. Paramount Glob.*, No. LA CV24-00708-JAK (RAOx), 2024 U.S. Dist. LEXIS 129148, at *9 (C.D. Cal. July 19, 2024); *see also* Order Remanding Case to State Court 3 n.1, *Pulbrook v. Nationwide Mut. Ins. Co.*, No. 3:24-cv-00469-MMC (N.D. Cal. May 22, 2024) ("Although the claim in the instant case is brought under a California statute rather than the First Amendment, both parties have relied on First Amendment cases . . . and the Court finds such cases provide the most analogous authority.") (citations omitted).

Standing requirements are relaxed when cases implicate the First Amendment right to freedom of speech. *Italian Colors Rest. v. Becerra*, 878 F.3d 1165, 1171 (9th Cir. 2018) ("First Amendment challenges 'present unique standing considerations' because of the 'chilling effect of sweeping restrictions' on speech.") (quoting *Ariz. Right to Life Political Action Comm. v. Bayless (ARLPAC)*, 320 F.3d 1002, 1006 (9th Cir. 2003)). But "[e]ven in the First Amendment context, a plaintiff must show a credible threat of enforcement." *Id.* (citing *Lopez v. Candaele*, 630 F.3d 775, 786 (9th Cir. 2010)). "In determining whether a plaintiff faces such a credible threat in the pre-enforcement context, this Court considers three factors: 1) the likelihood that the law will be enforced against the plaintiff; 2) whether the plaintiff has shown, 'with some degree of concrete detail,' that she intends to violate the challenged law; and 3) whether the law even applies to the plaintiff." *Id.* at 1171–72 (quoting *Lopez*, 630 F.3d at 786).

Plaintiffs cite to *Pulbrook v. Nationwide Mut. Ins. Co.*, No. 3:24-cv-00469-MMC (N.D. Cal. May 22, 2024), as support for their argument that they have not satisfied the injury-in-fact requirement. The *Pulbrook* court concluded that its plaintiffs had failed to allege facts demonstrating an injury in fact for

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02726-SVW-PD | Date | August 15, 2024 |
|---|---|---|---|
| Title | *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.* | | |

the following reasons: "There is nothing in the Complaint suggesting plaintiffs have left comments that would violate the Terms, that they intend to leave any comment that would violate the Terms in the future, or even that they intend to use the Site again, nor has Nationwide evinced any intent to take any action with regard to the Terms." Order Remanding Case to State Court 4, *Pulbrook*, No. 3:24-cv-00469-MMC. On similar facts, another Central District of California court reached the same conclusion. *Sweeney*, 2024 U.S. Dist. LEXIS 129148, at *13–14 (finding that plaintiffs lacked standing because, *inter alia*, "[t]he Complaint lacks any allegations that Plaintiffs, or [a] member of the proposed class, have made any statements about Defendant or its goods and services. Nor does it include any allegations that Plaintiffs intended to, but were forced to self-censor or modify their behavior to avoid enforcement of the Subject Terms. Although it is broadly alleged that the Terms of Use 'threaten' visitors that Defendant will unilaterally determine compliance, there are no factual allegations that Paramount has previously enforced, or plans to enforce, the Subject Terms against Plaintiffs or any other person."); *see also Maldonado v. BPS Direct LLC*, No. 2:24-cv-00098-MRA-MAR, 2024 U.S. Dist. LEXIS 142247, at *9 (C.D. Cal. Aug. 9, 2024) (same). Here, Plaintiffs' FAC contains the same gaps identified by the *Pulbrook*, *Sweeney*, and *Maldonado* courts. Even considering the relaxed standing requirements for a claim involving speech rights, there is no injury-in-fact here because the FAC does not contain (1) any allegations that Plaintiffs violated or intended to violate the Terms, (2) any allegations that Plaintiffs are self-censoring in fear of violating the Terms, or (3) any allegations that Defendant sought to enforce the Terms. Defendant's arguments to the contrary are unpersuasive. Def.'s Opp'n to Pls.' Mot. to Remand 9–11, ECF No. 31.

Though raised by neither party,[2] the Court also notes that the objected-to provisions of the Terms in no way limit Plaintiff's "right to make any statement regarding the seller or lessor or its employees or agents, or concerning the goods or services." Cal. Civ. Code § 1670.8(a)(1). "In the free speech context, . . . a fear of prosecution will only inure if the plaintiff's intended speech arguably falls within the statute's reach." *Cal. Pro-Life Council, Inc. v. Getman*, 328 F.3d 1088, 1095 (9th Cir. 2003). It is obvious that the

---

[2] Defendant argues that Plaintiff is free to speak negatively about Defendant and its products in its motion to dismiss. Def.'s Mot. to Dismiss 4–6, ECF No. 29.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02726-SVW-PD | Date | August 15, 2024 |
|---|---|---|---|
| Title | *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.* | | |

provisions of the Terms to which Plaintiffs object are merely general reservations of rights under copyright and trademark law. Because the Terms do not cover the sort of speech protected by § 1670.8(a), Plaintiffs have no plausible fear of prosecution under the Terms; therefore, Plaintiffs have no standing.

### 2. Defendant's Remaining Standing Arguments are Unpersuasive

Defendant unpersuasively argues that Plaintiffs have alleged an injury in fact because their FAC "repeatedly and expressly allege[s] that they suffered economic harm and damages from the terms and conditions on Crocs' website." Defs.' Opp'n to Pls.' Mot. to Remand 5, ECF No. 31. But this argument essentially reduces the injury-in-fact requirement to a mere exercise in reciting magic words. The fact that Plaintiffs claim to have been harmed in their FAC does not mean that their FAC has alleged any real facts supporting that conclusion; in fact, the opposite is true. At best, Plaintiffs have plausibly alleged that they used Defendants' website, that their use of that website bound them to its Terms, and that those Terms contained provisions prohibited by Cal. Civ. Code § 1670.8. Because the Court disagrees that Plaintiffs have alleged any real injuries, Defendant's citation to *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), weighs against Defendant and in favor of remand: "No concrete harm, no standing." *Id.* at 417.

The Court is similarly unpersuaded by Defendant's argument that Plaintiffs have alleged a contractual violation that satisfies the injury-in-fact requirement. Def.'s Opp'n to Pls.' Mot. to Remand 7–9, ECF No. 31. Typically, a **breach** of contract is sufficient to convey standing, even in the absence of damages. *Brown v. Google LLC*, 685 F. Supp. 3d 909, 923 (N.D. Cal. 2023) (citing *In re Google Referrer Header Privacy Litig.*, 465 F. Supp. 3d 999, 1010 (N.D. Cal. 2020)). Defendant cites to no caselaw standing for the proposition that the inclusion of a prohibited term in a contract that no party has attempted to enforce can convey standing.

### B. Because Plaintiffs Have No Standing, the Court Remands this Case to State Court and Moots Defendant's Motion to Dismiss

"As a fundamental tenet of the Constitution's case-or-controversy requirement, the failure to

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-02726-SVW-PD | Date | August 15, 2024 |
|---|---|---|---|
| Title | *Brooke O'Donnell et al. v. Crocs Retail, LLC et al.* | | |

establish standing deprives the court of subject matter jurisdiction, without which a court lacks authority to adjudicate the claim." *Fernandez v. 23676-23726 Malibu Rd., LLC*, 74 F.4th 1061, 1063 (9th Cir. 2023) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)). For that reason, the Court declines to rule on Defendant's motion to dismiss—even though the analysis above supports granting that motion.[3]

Plaintiffs have deliberately pleaded their case in a weak form to evade this Court's jurisdiction.[4] It is up to the state court to determine if Plaintiffs' watered-down allegations are sufficient to sustain a claim under Cal. Civ. Code § 1670.8.

V.   **Conclusion**

For the reasons outlined above, Plaintiff's motion to remand is GRANTED and Defendant's motion to dismiss is DENIED AS MOOT. This case is REMANDED to the state court; all upcoming hearings and deadlines before this Court are VACATED.

**IT IS SO ORDERED.**

---

[3] In another case, this Court rejected the argument that the mere inclusion of contractual terms without a corresponding threat to enforce is actionable under Cal. Civ. Code § 1670.8. *See Shofet v. Zillow Inc.*, __ F. Supp. 3d __, No. 2:24-cv-00092-SVW-BFM, 2024 U.S. Dist. LEXIS 132806, 2024 WL 3517724, at *20–21 (C.D. Cal. July 22, 2024).

[4] In the event that this Court found standing, Plaintiffs requested leave to amend to include further disclaimers limiting the scope of their allegations. Pls.' Reply ISO Mot. to Remand 1, ECF No. 34 ("In the event this Court finds that there is language in the FAC sufficient to state a claim for economic damages or restitution, Plaintiffs request leave to amend the FAC to make clear that the only relief sought in this action is civil penalties and injunctive relief.").

|  | : |
|---|---|
| Initials of Preparer | PMC |